IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANDY MENSINGER and<br>GARY MENSINGER, PARENTS AND<br>NATURAL GUARDIANS OF<br>CONNOR MENSINGER, a minor<br>504 Evansville Road<br>Berwick, PA 18603<br><br>      Plaintiffs<br>vs.<br><br>DOREL JUVENILE GROUP, INC.,<br>t/d/b/a COSCO<br>2525 State Street<br>Columbus, IN 47201<br><br>      Defendant | CIVIL ACTION NO.: |

## COMPLAINT – CIVIL ACTION

### Jury Trial Demanded

### PARTIES

1. Plaintiffs Mandy L. Mensinger and Gary Mensinger are individuals, husband and wife, residing at 504 Evansville Road, Berwick in the Commonwealth of Pennsylvania. They are the parents and natural guardians of Connor Mensinger, a minor, who resides with his parents at the same address.

2. Defendant Dorel Juvenile Group, Inc. ("DJG") is a business entity incorporated under the laws of the state of Massachusetts with its principal place of business located at 2525 State Street, Columbus, Indiana, 47201. DJG's primary business is the design, manufacture and distribution of juvenile products.

3. DJG regularly conducts its business in the Commonwealth of Pennsylvania through the distribution and sale of its products.

4. At all relevant times, in the matters described herein, the defendant acted through its officers, agents and employees, engaged in its business and acting within the scope of their office, agency or employment.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332 in that the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00 and there is complete diversity of citizenship between the parties.

## FACTS

6. Plaintiff Mandy Mensinger purchased an Eddie Bauer Designer 22 car seat and stroller travel system ("the car seat").

7. The car seat was designed, manufactured, distributed and sold by the defendant.

8. On December 20, 2004, Mandy Mensinger placed her one month old son, Connor, in the car seat in her vehicle.

9. The car seat was properly situated in her vehicle and her son was properly belted and secured in the car seat.

10. Ms. Mensinger was traveling on State Route 42 with her son belted in the rear of her vehicle in the car seat when she drove onto a patch of ice, which caused her to lost control of her vehicle.

11. Ms. Mensinger's vehicle then was struck by another vehicle.

12. The car seat frame broke during the collision.

13. Connor Mensinger came out of the car seat harness and was thrown about the rear of the vehicle.

14. Connor Mensinger sustained numerous injuries as a result of not being held in the car seat, including a skull fracture and a traumatic brain injury.

15. The car seat, and other car seats of that type and model, were the subject of a recall by the defendant because the seat was defective and unreasonably dangerous.

16. As a result of not being held in the car seat, Connor Mensinger sustained severe and permanent injuries, including brain damage that has resulted in learning and developmental disabilities.

17. Connor Mensinger has undergone medical treatment and rehabilitation for his injuries, and may have the need for substantial future medical treatment, rehabilitation and care.

18. As a result of these injuries, Connor Mensinger will sustain a loss of future earning capacity. He has undergone great pain, physical discomfort and great emotional and mental anguish. He is permanently scarred and disfigured. He cannot and will not be able to pursue many activities and avocations. He has suffered and will suffer great inconvenience and the loss of the enjoyment of life. He and his family have incurred expenses and will continue to incur expenses in the future for medical diagnosis and treatment, therapy, rehabilitation and care.

## I.    NEGLIGENCE

19.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if set forth fully herein.

20.    Defendant negligently designed, manufactured and sold the car seat.

21.    Defendant acted negligently in that it did not design and manufacture the car seat to retain a child in the seat when a vehicle is involved in a foreseeable collision.

22.    Defendant acted negligently in that it designed and manufactured the car seat with a harness that came loose during normal driving conditions.

23.    Defendant acted negligently in that it designed and manufactured the car seat with a harness that came loose during a foreseeable collision.

24.    Defendant acted negligently in that it designed and manufactured the car seat that broke due to forces it sustained in a foreseeable collision.

25.    Defendant acted negligently in that it distributed the car seat without first properly and adequately testing the design and manufacture of the car seat and its harness.

26.    Defendant acted negligently in that it distributed the car seat, which was not capable of retaining a child in the seat when a vehicle was involved in a foreseeable collision.

27.    Defendant's negligent acts and failure to act caused the injuries sustained by Connor Mensinger.

28. Defendant's aforementioned negligent acts and failure to act in the face of the extreme risk of serious bodily injury or death faced by children placed in the car seat was a flagrant disregard for the safety of those children.

WHEREFORE, Plaintiffs demand damages from the Defendant in excess of seventy-five thousand ($75,000.00) dollars together with compensation for delay in payment and punitive damages.

## II. STRICT LIABIILITY

29. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if set forth fully herein.

30. Defendant designed, manufactured, marketed, distributed and sold the car seat.

31. Defendant expected the car seat to reach the ultimate consumer without substantial change in the condition in which the product was sold.

32. At the time of the above described incident, the car seat was substantially the same as when it was manufactured, sold and distributed.

33. The car seat was defective and unreasonably dangerous in that it failed to retain a child in the seat when a vehicle was involved in a foreseeable collision.

34. The car seat was defective and unreasonably dangerous in that its harness came loose during normal driving conditions and/or in foreseeable accidents.

35. The car seat was defective and unreasonably dangerous in that it broke as a result of the forces it sustained in a foreseeable accident.

36. The car seat was defectively designed.

37. The car seat was defectively manufactured.

38. The car seat was defective and unreasonably dangerous in that it, by the nature of its design, exposed child occupants to the risk of serious bodily injury or death in a foreseeable crash.

39. The car seat was being used in an intended and foreseeable manner when the incident occurred and did not meet the reasonable expectations of an ordinary consumer as to its safety in the event of a crash.

40. Defendant, knowing that the car seat was defective and unreasonably dangerous, or failing to exercise reasonable care to learn that the car seat was defective and unreasonably dangerous, did not warn its distributors or consumers.

41. Defendant is strictly liable for all injuries suffered by Connor Mensinger as a result of the defective design and manufacture of the car seat and as a result of the defendant's failure to warn as cited above.

42. The defective and unreasonably dangerous condition of the car seat and defendant's failure to warn were proximate and direct causes of Connor Mensinger's injuries, hospitalization, and treatment as described more fully above.

43. Defendant's defective design and manufacture of the car seat created an extreme risk of serious bodily injury or death to its child occupants in

a foreseeable crash and constituted a flagrant disregard for the safety of those children, including Connor Mensinger.

WHEREFORE, Plaintiffs demand damages from the Defendant in excess of seventy-five thousand ($75,000.00) dollars together with compensation for delay in payment and punitive damages.

### III. EXPRESS AND IMPLIED WARRANTY

44. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if set forth fully herein.

45. The car seat was sold in breach of express and implied warranties that it was reasonably fit and suitable for the purposes for which it was intended to be used.

46. Defendant breached these express and implied warranties in that the car seat was not fit and suitable for the purpose for which it was intended to be used and was defective and unreasonably dangerous and unsafe.

47. Defendant's breach of the express and implied warranties was the proximate and direct cause of Connor Mensinger's injuries, hospitalization, and treatment as described more fully above.

WHEREFORE, Plaintiffs demand damages from the Defendant in excess of seventy-five thousand ($75,000.00) dollars together with compensation for delay in payment and punitive damages.

Respectfully submitted,
Cohen, Placitella & Roth, P.C.
Two Commerce Square
Suite 2900
2001 Market Street
Philadelphia, PA 19103

_____
William Marvin, Esquire
Attorney for Plaintiffs